Dear Mr. Purvis:
We are in receipt of your recent correspondence in which you present the following legal inquiry for our review:
 The mayor of the Town of Jonesville recently upheld the decision of the chief of police to suspend a police officer. May the town council override the decision of the mayor?
The Town of Jonesville is a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et seq. The position of chief of police in the Town of Jonesville is an appointed office.
R.S. 33:404 sets forth the duties of the mayor and states in pertinent part:
 The mayor shall have the following powers, duties, and responsibilities:
 To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
 To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a non-elected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. Furthermore, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517 shall be subject to approval by the board of aldermen of that municipality. (Emphasis added).
As the town of Jonesville has an appointed and not an elected chief of police, the mayor has the authority to hire and fire police department employees.
The mayor's power to hire and fire encompasses also the power to suspend. See Bourgere vs. Anzelmo, 517 So.2d 1121 (La.App. 5th Cir. 1988), at page 1124. This is a duty specifically delegated to the mayor in R.S. 33:404(3); the action by the mayor does not require the concurrence of the town council, nor may his decision be overturned by the council. Thus, the mayor's decision to suspend the police officer is valid and the council's vote to override the mayor's action is without effect. Attached for your review is Attorney General Opinion 90-112, in further support of this conclusion.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 90-112
March 19, 1990
71 — MUNICIPALITIES
77 — OFFICERS
An ordinance giving the aldermen of a Lawrason Act Community the authority to appoint a committee to hire, fire or suspend municipal employees is invalid since this is a function of the mayor.
Donald D. Landry, Esq. Counsel for Town of Broussard Perrin, Landry, deLaunay Durand P.O. Box 53597 Lafayette, LA 70505